NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILMER GUZMAN SALGUERO, | No.   18-55160 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-03883-VAP-JEM |
| v. | |
| KIRSTJEN NIELSEN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted August 12, 2019
Pasadena, California

Before:  CALLAHAN, D.M. FISHER,** and R. NELSON, Circuit Judges.

Appellant, a lawful permanent resident, was denied naturalization.  He filed

a complaint with the district court seeking de novo review of the denial under 8

U.S.C. § 1421(c).  The district court dismissed under Federal Rules of Civil

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Appellant subsequently appealed to this court, asserting the district court impermissibly dismissed his appeal by only considering his claim under § 1421(c) and failing to consider his claim under 8 U.S.C. § 1447(b). We affirm the judgment of the district court as it pertains to Appellant's claim under § 1421(c). As to Appellant's new argument that the district court should have considered his petition for naturalization under § 1447(b), we find the district court did not have jurisdiction to do so.

The Attorney General has "[t]he sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). The United States Citizenship and Immigration Services ("USCIS") administers this authority for the Attorney General. 6 U.S.C. § 271(b)(2); 8 U.S.C. § 1103(a)(1). District courts are only granted jurisdiction over naturalization matters in two distinct circumstances. First, once the agency hands down a *final* determination an applicant can seek judicial review of "such denial" under § 1421(c). Second, if USCIS fails to make an *initial* determination in a timely manner, an applicant may petition the district court to either decide the matter or compel the agency to do so under § 1447(b). This "statutory scheme aims to provide USCIS with an incentive to decide applications in a timely fashion or risk losing jurisdiction to decide those applications in the first instance." *Yith v. Nielsen*, 881 F.3d 1155, 1164 (9th Cir. 2018) (quoting *Bustamante v. Napolitano*, 582 F.3d 403, 410 (2d Cir. 2009)).

**1.**  We review the dismissal of a complaint for failure to state a claim de novo.  *Id*. at 1161.  In this case, the motion to dismiss Appellant's § 1421(c) claim was properly granted.  USCIS correctly determined Appellant was statutorily ineligible for naturalization because of his aggravated felony conviction.  8 U.S.C. § 1101(f)(8); 8 C.F.R. § 316.10(b)(1)(ii).  As such, Appellant could not have stated a claim for which relief could be granted and dismissal was appropriate.  We therefore affirm the judgment of the district court.

**2.**  The crux of Appellant's new argument before this court is that the district court failed to consider his claim under § 1447(b).  As Appellant failed to make this argument before the district court, there is a question of waiver.  However, we find Appellant's claim fails on a threshold question of jurisdiction.

A lawful permanent resident may apply for naturalization by filing an application with USCIS.  *See Yith*, 881 F.3d at 1159.  If USCIS fails to render an initial determination within 120 days after the naturalization examination, "the applicant may apply to the United States district court . . . for a hearing on the matter."  *Id*.  At this point, the district court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."  8 U.S.C. § 1447(b).

Absent such a petition, if USCIS belatedly denies the naturalization application, the applicant must then exhaust the agency appeal process before

3

appealing to the district court for de novo review of the final determination. 8 U.S.C. § 1421(c); *see also Yith*, 881 F.3d at 1159. This review is limited to the reason for the agency's denial. *See Yith*, 881 F.3d at 1163. Allowing the district court to "determine the matter" under § 1447(b) after USCIS renders a final decision would inappropriately circumvent the "sole" authority of the executive branch over naturalization. 8 U.S.C. § 1421(a). Indeed, such an interpretation is inconsistent with the meaning of § 1421(c) and the purpose of § 1447(b).

In this case, USCIS rendered its initial decision three weeks after the 120-day period prescribed by the statute. After day 120, Appellant could have applied to the district court to either determine the matter or to compel USCIS to do so. Instead, he chose to wait for a decision. Indeed, his first and only attempt to invoke § 1447(b) jurisdiction was on appeal to this court—that is, once it was evident, he could not prevail on his § 1421(c) claim.

Absent an appeal under § 1447(b), once USCIS handed down the initial decision the opportunity to request a district court determine the matter (which was already determined) or compel USCIS to decide the matter (which it had already decided), was necessarily foreclosed. *Id*. The opportunity to invoke § 1447(b) jurisdiction was only further precluded when USCIS vacated the initial decision on appeal and denied naturalization on other grounds. However, at that point an appeal under § 1421(c) was appropriate.

4

As jurisdiction under § 1447(b) could not be properly invoked after USCIS handed down an initial determination, the district court did not err in failing to consider his claim under that statute. If Appellant had made the argument for a § 1447(b) determination below, the district court would have likely dismissed the argument for lack of jurisdiction. This attempt at a second bite of the proverbial apple necessarily fails.

**JUDGMENT AFFIRMED.**